UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY WILLIAMS,

    Plaintiff,

    v.

WEXFORD MEDICAL SERVICES, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-143-JD-MGG

OPINION AND ORDER

Timothy Williams, a prisoner without a lawyer, has filed a complaint alleging that he has received inadequate treatment with respect to a gunshot wound. "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Williams alleges that, since May 19, 2017, he has received inadequate treatment with respect to a gunshot wound incurred more than eighteen years ago.[1] On or around May 22, 2017, the gunshot wound reopened. Concerned about an infection, Williams requested an outside consultation with a wound specialist, which was denied. He has also been removed from the wound care clinic. Though he was later readded, his requests for more frequent treatment have been denied. As a result, he has suffered pain, the inability to exercise, and loss of sleep.

Williams alleges a deliberate indifference claim against Dr. Joseph Thompson. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

---

[1] The court has considered the grievance records attached to the complaint, which are "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Though light on details, the complaint indicates that Williams voiced his concerns about the gunshot wound to Dr. Thompson and that Dr. Thompson refused to provide adequate treatment. While Dr. Thompson may be able to show that the course of treatment he provided was justified, Williams adequately states an Eighth Amendment claim of deliberate indifference against Dr. Thompson.

Williams also alleges that he was repeatedly denied treatment by Wexford Medical Services and Corizon Medical Services as a cost-saving measure. A corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* The policy must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Absent an unconstitutional policy, corporate liability may be established with a showing of "a

3

widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The complaint suggests that the corporate defendants maintained a policy or practice of denying treatment in order to save money. Williams thus states a claim of deliberate indifference against both corporate defendants.

Nevertheless, the allegation that the inadequate treatment began on May 17, 2017, indicates that Corizon Medical Services is not the proper defendant. Significantly, on April 1, 2017, Wexford Medical Services assumed responsibility for providing medical services for the Indiana Department of Correction. Wexford News Release, April 3, 2017, available at http://www.wexfordindiana.com/news---events.html. Therefore, Corizon Medical Services is dismissed.

For these reasons, the court:

(1) GRANTS Timothy Williams leave to proceed on a claim against Dr. Joseph Thompson and Wexford Medical Services for money damages for denying him adequate medical treatment for his gunshot wound since May 19, 2017, in violation of the Eighth Amendment;

(2) GRANTS Timothy Williams leave to proceed against Dr. Joseph Thompson and Wexford Medical Services on an injunctive relief claim to obtain adequate medical treatment for his gunshot wound as required by the Eighth Amendment;

(3) DISMISSES Corizon Medical Services;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Dr. Joseph Thompson and Wexford Medical Services at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Joseph Thompson and Wexford Medical Services respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which Timothy Williams has been granted leave to proceed in this order.

SO ORDERED on March 2, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT